

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEAN JOSEPH DUFORT,

          Plaintiff,

-against-

OFFICER BURGOS (FNU), Individually and
as an Officer employed by the Bureau of
Prisons,

          Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4940 (FB) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 2 0 2005 ★

BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
JEAN JOSEPH DUFORT, *pro se*
#56821-053
FCI Elkton
Post Office Box 10
Lisbon, Ohio 44432

*For the Defendant:*
KEISHA-ANN G. GRAY, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, New York 11201

**BLOCK, District Judge:**

    *Pro se* plaintiff, Jean Joseph Dufort ("Dufort"), sues defendant, Michael Burgos ("Burgos"), in both his individual capacity and as an officer of the federal Bureau of Prisons ("BOP"). Dufort, a former inmate at the Metropolitan Detention Center ("MDC") in Brooklyn, alleges that while he was in a bathroom stall at MDC, Burgos repeatedly struck him in the back with the stall door.

    Burgos moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56; pursuant to Local Rule 56.2, Burgos provided Dufort with the required notice to *pro se* litigants opposing motions for summary judgment. Because both parties have presented

material outside the pleadings, the Court treats the motion as one for summary judgment. For the following reasons, the motion is granted in part.

## BACKGROUND

In his complaint, Dufort alleges that, on July 13, 2002, at approximately 4 p.m., MDC conducted its daily inmate count. After the count was over, Dufort "proceeded to the bathroom to ease himself." Compl. ¶ 6. "As [he] busied himself with cleaning the seat of the commode, a sharp bang came at the [stall] door, striking [him] on the back. It was Officer Burgos, who continued to strike [Dufort] with the door, shouting 'I am the man in this Unit, and I didn't clear count [i.e., authorize Dufort to go to the bathroom].'" *Id.* ¶ 7. Dufort alleges that he suffered a "back injury caused by the striking of the bathroom door by Officer Burgos." *Id.* ¶ 9.

These allegations of Dufort's complaint are disputed. By affidavit, Burgos attests that the inmate count was still in progress when Burgos went to the bathroom and that, therefore, he did so without permission; he further attests that, when he went to retrieve Dufort from the stall, "the door did not touch or strike [him]." Burgos Aff. ¶ 7. In a responsive affidavit, Dufort attests that the count had been "cleared" when he went to the bathroom, and that he "was repeatedly struck on [his] back with a bathroom stall door by Officer Burgos." Dufort Aff. ¶¶ 2, 4.

The following facts, however, are not in dispute. On December 5, 2003, Dufort filed a claim with BOP's Northeast Regional Office. Using the Department of Justice's "Standard Form 95," he recounted the facts of the July 13 incident and claimed $250,000 for "personal injury." Compl., Ex. ("Claim for Damage, Injury, or Death"). On

2

June 30, 2004, BOP's Regional Counsel sent Dufort a written response denying the claim and informing Dufort of his right to "bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." Compl., Ex. ("Memorandum"). Dufort did not pursue any other administrative remedies and filed his complaint in this Court on November 12, 2004, within the six-month time frame.

## DISCUSSION

A district court must grant summary judgment "whenever it determines that there is no genuine issue of material fact to be tried." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In considering a motion for summary judgment, the Court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 255). Moreover, "[w]here the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them 'to raise the strongest arguments that they suggest.'" *Forsyth v. Federation Employment & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (quoting *Burgos v. Hopkins*, 14 F.3d 787 (2d Cir. 1994)).

Dufort's complaint does not specify the legal theory or theories upon which it rests. Liberally construed, however, it suggests two possible theories: (1) an excessive-

3

force claim under the Eighth Amendment and (2) a common-law claim for battery.[1] Burgos argues that the first claim must be dismissed because it is unexhausted and that the second claim must be dismissed because he is not the proper defendant.[2]

## A. Excessive-Force Claim

The Eighth Amendment excessive-force claim is actionable, if at all, under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "Such an action, however, must be brought against the federal officers involved in their individual capacities" because "an action against . . . federal officers in their official capacities is essentially a suit against the United States, [and] such suits are . . . barred under the

---

[1] Under New York law, "[a] 'battery' is an intentional wrongful physical contact with another person without consent." *United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (construing New York law). Although it overlaps, a common-law battery claim is not identical to an excessive-force claim under the Eighth Amendment. As Judge Friendly explained, "the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person or anything attached to it and practically identified with it[.]" *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Hernandez v. Lattimore*, 612 F.2d 61, 67 (2d Cir. 1979) ("[N]ot every assault and battery gives rise to a cause of action under the Eighth Amendment because the victim happens to be a prisoner.").

[2] While the first issue requires the Court to consider facts outside the complaint, the second issue does not. Strictly speaking, then, the second issue could be decided on a motion to dismiss for failure to state a claim under Rule 12(b)(6). In the interest of simplicity, however, the Court applies the summary judgment standard to both issues. *See Shade v. Housing Auth.*, 251 F.3d 307, 314 (2d Cir. 2001) (affirming grant of summary judgment "on the ground that the plaintiffs failed to state a viable claim").

4

doctrine of sovereign immunity, unless such immunity is waived." *Id.* "[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). Thus, although Dufort has sued Burgos in both his individual and official capacities, sovereign immunity bars the official-capacity claim.

Burgos argues that the individual-capacity claim is barred because Dufort failed to comply with the exhaustion requirement of the Prisoner Litigation Reform Act of 1995 ("PRLA"). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997a(e). "Thus federal prisoners suing under [*Bivens*] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit[,]" *Porter v. Nussle*, 534 U.S. 516, 524 (2002); this exhaustion requirement applies "whether they allege excessive force or some other wrong." *Id.* at 532. As Dufort was and is confined in a correctional facility, the PLRA's exhaustion requirement applies to his *Bivens* claim. *See Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) ("Because [plaintiff] was a confined prisoner at the time he filed his lawsuits, section 1997e(a) is applicable.").

To satisfy the exhaustion requirement, federal prisoners must comply with BOP's four-step Administrative Remedy Program ("ARP"):

> Under the ARP, an inmate must first attempt to informally resolve his claims. *See* 28 C.F.R. § 542.13(a). Second, if dissatisfied with the informal resolution, the inmate must use

5

> a designated form to submit a written "Administrative Remedy Request" to the Warden within twenty days of the events triggering the complaint. *See* 28 C.F.R. § 542.14(a). Third, if the formal request is denied, the inmate must appeal to the appropriate BOP Regional Director. *See* 28 C.F.R. § 15(a). Finally, an inmate must appeal a negative decision by the BOP Regional Director to the BOP's Office of General Counsel within thirty days of the date of the Regional Counsel's decision. *Id.*

*Indelicato v. Suarez*, 207 F. Supp. 2d 216, 218-19 (S.D.N.Y. 2002).

The Second Circuit "has recognized that while the PLRA's exhaustion requirement is mandatory, certain caveats apply." *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004). A prison official who inhibits a prisoner from using the grievance procedures may be estopped from invoking the exhaustion requirement. *See id.* (citing *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004)). Moreover, in certain situations (such as when prison officials refuse to respond to a grievance or withhold a promised remedy), a court may deem the procedures not "available." *See id.* (citing, *inter alia*, *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004)). Finally, "'[s]pecial circumstances' may exist that amount to a 'justification' for not complying with administrative procedural requirements." *Id.* (citing *Berry*, 366 F.3d at 88, and *Rodriguez v. Westchester County Jail Corr. Dep't*, 372 F.3d 485 (2d Cir. 2004)). In cases where "exhaustion [is] required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust," the unexhausted claim must be dismissed with prejudice. *Berry*, 366 F.3d at 88.

Here, it is undisputed that Dufort did not avail himself of his administrative remedies under the ARP and that such remedies are now time-barred. Moreover, Dufort

6

does not argue that any of the "caveats" to the mandatory nature of § 1997e(a) apply. He argues instead that he satisfied the exhaustion requirement by submitting a Standard Form 95 to BOP. That form, however, is used to make an administrative claim under the Federal Tort Claims Act ("FTCA"). *See* 28 C.F.R. § 14.2(a) ("For purposes of the provisions of [the FTCA], a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative an executed Standard Form 95 or other written notification of an incident[.]"). As courts in this circuit have repeatedly held, "[t]he filing of an administrative tort claim by a prisoner does not excuse the prisoner's failure to meet the separate exhaustion requirements for a *Bivens* claim under the PLRA." *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 368 (E.D.N.Y. 2005); *see also Owusu v. Federal Bureau of Prisons*, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) ("The exhaustion procedures under the two statutes differ, and the fulfillment of one does not constitute satisfaction of the other."); *Hylton v. Federal Bureau of Prisons*, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) ("[I]t is entirely possible that [plaintiff] exhausted his administrative remedies for purposes of the FTCA without exhausting remedies pursuant to the PLRA for purposes of filing a *Bivens* claim.").

In sum, Dufort failed to exhaust all available administrative remedies for his Eighth Amendment excessive-force claim. Because those remedies are now time-barred, and because no special circumstances justify his failure to exhaust, the claim must be dismissed with prejudice.[3]

---

[3]Since Dufort's excessive-force claim must be dismissed as unexhausted, the Court does not address Burgos' alternative arguments as to whether Dufort has established that Burgos violated the Eighth Amendment or whether Burgos is entitled

7

## B. Battery Claim

In regard to Dufort's battery claim, the "exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." *Castro*, 34 F.3d at 110. Burgos argues that he is not the proper defendant in an FTCA claim.[4]

Burgos is correct. The only proper defendant in an FTCA claim is the United States. *See B&A Marine Co. v. American Foreign Shipping Co.*, 23 F.3d 709, 713 (2d Cir. 1994) (noting that United States is *"the* party defendant" in an FTCA action (emphasis in original)); *Castro*, 34 F.3d at 110 ("[T]he FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment.").

Dismissal of the claim against Burgos is nevertheless inappropriate; rather, the proper procedure is substitution:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or

---

to qualified immunity.

[4]Burgos does not challenge the merits of a battery claim under the FTCA; nor does he argue that the claim is unexhausted. The Court notes that, "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution," 28 U.S.C. § 2680(h); "[t]he Supreme Court has interpreted § 2680(h) to include Bureau of Prisons officers." *Lewis v. United States*, 2005 WL 589583, at *3 (N.D.N.Y. Mar. 8, 2005) (citing *Carlson v. Green*, 446 U.S. 14 (1980)). With regard to exhaustion, an FTCA claim is not subject to the PLRA's exhaustion requirement. *See Owusu*, 2003 WL 68031, at *2 (holding that, while plaintiff failed to exhaust the administrative remedies for his *Bivens* claim under the PLRA, "he fully exhaust[ed] the available administrative remedies for his FTCA claim.").

> employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General has authorized the local United States Attorney to make such a certification. *See* 28 C.F.R. § 15.4; *see also Furman v. United States Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) (accepting certification from Assistant United States Attorney).

"[T]he Attorney General's certification . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee[,]" *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995); rather, "[w]henever scope of employment is disputed, substitution should be made only if the court finds that the alleged acts were within the scope of employment." *McHugh v. University of Vt.*, 966 F.2d 67, 74-75 (2d Cir. 1992). Moreover, "[i]n the event that the Attorney General has refused to certify scope of office or employment . . ., the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment," 28 U.S.C. § 2679(d)(3); such a request must be supported with "particular[] facts relevant to the scope-of-employment issue." *McHugh*, 966 F.2d at 74.

In sum, if Burgos was acting within the scope of his employment, the United States should be substituted as the proper defendant for Dufort's battery claim under the FTCA. First, however, either the Attorney General (or his delegate) or the Court must certify that Burgos was, in fact, acting within the scope of his employment at the time of the July 13 incident.

9

## CONCLUSION

Insofar as Dufort seeks to pursue an Eighth Amendment excessive-force claim, Burgos' motion for summary judgment is granted and the claim is dismissed with prejudice. Insofar as Dufort seeks to pursue a common-law battery claim under the FTCA, counsel for Burgos is directed to obtain the necessary certification under 28 U.S.C. § 2679(d)(1), and to file such certification within fifteen (15) days of the date of this Memorandum and Order. If, after fifteen days, no such certification has been filed, Burgos shall have thirty (30) days thereafter to move the Court to certify, pursuant to § 2679(d)(3), that he was acting in the scope of his employment at the time of the July 13 incident; such motion must be supported by the factual basis for the certification.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 18, 2005